JAMES A. CALLAHAN *vs.* HARRIS GOLDMAN.

Essex.    November 6, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Landlord and Tenant,* Covenant for quiet enjoyment, Eviction.    *Covenant. Election.*

A covenant for quiet enjoyment in a lease is broken only by an eviction.

If the owner of a building permits the basement of the building to become flooded with water, and the circumstances are such that a lessee of the basement would be justified in treating the acts of the landlord as an eviction and surrendering possession of the demised premises, yet, if instead of doing this he remains in possession of the basement for a year after the flooding, he has elected not to treat the acts of the landlord as an eviction, and cannot maintain an action on the covenant for quiet enjoyment in his lease.

Citation by LORING, J., of cases upon the question, what acts or omissions of a landlord may be treated by his tenant as an eviction.

LORING, J.    This is an action (between the parties to the action of tort, *ante,* 234) for breach of the covenant of quiet enjoyment implied in the lease of June, 1907.

After the defendant succeeded to the reversion on July 8, 1907, it was found that the plaintiff's bowling alleys and the whole basement were flooded with water. There was evidence that this water came from leaking conductors and a leaky roof in that part of the building not covered by the lease to the plaintiff.

At the trial in the Superior Court the judge *refused to direct

---

* *Irwin,* J.

a verdict for the defendant, and the case is here on an exception to that ruling.

The refusal of the judge to direct a verdict for the defendant was wrong. The plaintiff was not evicted from the demised premises, and without an eviction there is no breach of the covenant for quiet enjoyment. *International Trust Co.* v. *Schumann,* 158 Mass. 287. *Boreel* v. *Lawton,* 90 N. Y. 293. He remained in possession for a year after the matters here complained of. We need not consider whether the circumstances in the case at bar would have justified the plaintiff in treating the acts of the landlord as an eviction had he elected to surrender possession. The question as to what circumstances will justify a tenant in treating acts of his landlord as an eviction generally has arisen in this Commonwealth in actions brought to recover rent. See *Royce* v. *Guggenheim,* 106 Mass. 201, and *Taylor* v. *Finnigan,* 189 Mass. 568 (where the earlier cases are collected); *Hall* v. *Middleby,* 197 Mass. 485; *Voss* v. *Sylvester,* 203 Mass. 233; *Lumiansky* v. *Tessier,* 213 Mass. 182. But the rule is the same in case of an action for breach of a covenant of quiet enjoyment. See *Skally* v. *Shute,* 132 Mass. 367, where it was applied.

The exceptions must be sustained and judgment should be entered for the defendant under St. 1909, c. 236.

*So ordered.*

*C. N. Barney,* for the defendant.
*S. Parsons,* (*H. A. Bowen* with him,) for the plaintiff.