I. Wit Realty Co. *vs.* G. F. Redmond & Company, Inc.

Suffolk.    December 5, 1924. — February 24, 1925.

Present: Rugg, C.J., Pierce, Wait, & Sanderson, JJ.

*Landlord and Tenant,* Heat.

At the hearing by a judge without a jury of an action for rent under a lease in writing, the defendant contended that he was evicted by reason of a failure by the plaintiff adequately to heat the demised premises. It appeared that the premises were on the second floor of a building and were used for conducting a brokerage business; that the lease was elaborate in its provisions and contained nothing about heat; that there were no negotiations on that subject preliminary to the execution of the lease; that there was no custom prevailing in the neighborhood as to heat; that there were radiators in the rooms when demised; that, when complaint was made to the lessor by the lessee, the lessor replied, "we are doing the best we can; we can't do any better." The heating apparatus was in the cellar of the building. The lessor testified that he did not run the heater nor have anything to do with it, but that the tenant of the first floor agreed, in consideration of his lease, to heat the entire building including the rooms demised to the defendant. The judge found that there was an implied covenant by the lessor to

heat the demised premises and that he had not done so, and there was a finding for the defendant and a report of the action to this court for determination. *Held*, that

(1) There was not evidence sufficient to warrant a finding of an implied covenant on the part of the landlord to heat the demised premises;

(2) The mere presence of the radiators in the rooms did not warrant the implication of a covenant to heat;

(3) The conversation of the lessor in reply to a complaint as to heat was equivocal and not an admission of obligation.

CONTRACT, by the assignee of the lessor in a lease in writing, for rent alleged to be due under the lease. Writ in the Municipal Court of the City of Boston dated November 15, 1921.

On removal to the Superior Court, the action was heard by *McLaughlin*, J., without a jury. Material evidence is described in the opinion. The judge found and ruled as follows: "I found as a fact that the lessor had complied with all the express covenants, conditions and terms of the said lease, that there had been no surrender by the lessee and that reasonably satisfactory heat had not been furnished by the lessor to said premises. Being of the opinion that, although there was no covenant in the lease with relation to the furnishing of heat to said premises, there was an implied obligation on the part of the landlord to furnish reasonable heat in view of the fact that the premises contained radiators, I found that the failure to furnish heat constituted an eviction, and found for the defendant."

The judge then reported the action to this court, the parties agreeing "that if upon all the evidence there was no implied obligation on the part of the landlord to heat said premises, judgment is to be entered for the plaintiff in accordance with its declaration; otherwise judgment is to be entered upon the finding."

*M. E. Bernkopf,* (*S. D. Weissbuch* with him,) for the plaintiff.

*E. H. Abbot, Jr.,* for trustees in bankruptcy of the defendant.

RUGG, C.J. The question in this case is whether a covenant to heat premises demised under a written lease can be implied. There was evidence tending to show that the les-

sor leased to the defendant by a written lease two rooms on the second floor of a three-story building on Central Street in Lowell. On the first floor were stores and a stairway leading from the ground floor to the second. The third floor was formerly occupied as a recruiting station. The demised premises, used for conducting a brokerage business, were at the extreme right side of the second floor, a front room being occupied as a board room and a back room as a private office for the manager. There was one radiator in each of the two rooms, connected with pipes. The heating apparatus was in the cellar of the building. The rooms were not adequately heated. There were electric fixtures on the premises, whereby electric heaters might have been installed. The attorney for the defendant said to the lessor that the defendant's manager was "complaining about the lack of heat in the premises, that it could not be used for a brokerage office, and" asked the lessor "what he could do about it;" the lessor replied, "we are doing the best we can; we can't do any better." The lessor testified that he did not run the heater or have anything to do with it, but attention was given to it by the occupant of the first floor, who agreed, in consideration of his lease, to heat the entire building including the rooms demised to the defendant. The tenant of the first floor testified that he operated the heating plant for the building and never received any complaints for lack of heat.

There was not evidence sufficient to warrant a finding of an implied covenant on the part of the landlord to heat the demised premises. The parties entered into an elaborate lease in writing. Its natural implication is that the parties embodied in that formal instrument the terms of their contract. *Snider* v. *Deban*, 249 Mass. 59. It contains nothing about heat. It does not appear that there was any conversation on the subject as preliminary to the execution of the lease. There was no evidence of a prevailing custom in Lowell on this point. The mere presence of the radiators in the rooms did not warrant the implication of a covenant to heat. It is not unusual for parties to make a special contract respecting heat when there are radiators in the demised premises. The evidence was to the effect that this heating

plant was in the management and control of another tenant. If this evidence was discredited, there was nothing to show that the lessor had control or management of it. The lessor may have intended to relieve himself entirely of responsibility as to heating by omitting all reference to the subject from his lease to the defendant, and putting the obligation entirely upon another tenant. That is one rational inference from the facts. The conversation of the lessor in reply to a complaint as to heat was equivocal and not an admission of obligation.

The case at bar is distinguishable from decisions like *Jackson* v. *Paterno*, 128 App. Div. (N. Y.) 474; *Berlinger* v. *Macdonald*, 149 App. Div. (N. Y.) 5, *O'Hanlon* v. *Grubb*, 38 App. D. C. 251, where there appear to have been no other reasonable means of heating the premises except from a central heating plant in the control and management of the lessor connected directly with radiators in the rooms of the lessee used for a home.

Conformably to the terms of the report, judgment is to be entered for the plaintiff in accordance with its declaration.

*So ordered.*