SAMUEL U. GOLDBERG *vs.* JOHN H. HORAN.

Suffolk.   March 6, 1928. — April 4, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Landlord and Tenant*, Rent, Eviction.

Evidence, at the trial of an action of summary process for the possession of real estate in the possession of the defendant under a lease in writing from the plaintiff, that for a period of three or four months the roof and gutter of a building on the premises were out of repair, whereby water was discharged upon the land and caused to flow to a depth of four or five feet into the cellar of a store which formed part of the building; and that the plaintiff, although cognizant of such condition, neglected to make repairs, is not sufficient to show an eviction by the plaintiff of the defendant from the cellar, and constitutes no defence to the action which was commenced after the defendant had refused to pay the rent.

SUMMARY PROCESS. Writ in the Municipal Court of the South Boston District in the City of Boston dated July 15, 1927.

On removal to the Superior Court, the action was tried before *Flynn*, J., who excluded certain evidence offered by the defendant as described in the opinion, and ordered a verdict for the plaintiff. The defendant alleged exceptions.

*M. C. Kelleher*, (*C. J. Dunn* with him,) for the defendant.

*L. Goldberg*, (*R. M. Banash* with him,) for the plaintiff.

PIERCE, J. This is an action of summary process, under G. L. c. 239, to recover possession of certain premises held by the defendant under a written lease dated November 23, 1925, for a term of three years from April 1, 1926.

The plaintiff is the assignee of the original lessor, having purchased on or about June 13, 1927, premises consisting of a block of stores, one of which is occupied by the defendant. According to the terms of the lease, rent in advance at the rate of $250 a month was due on June 15, 1927, and a like sum on the fifteenth day of each and every month thereafter during the balance of the term. The defendant refused to pay the rent when due or thereafter. On June 28, 1927, the plaintiff by letter duly notified the defendant to quit and deliver up the premises in question in fourteen days from the date thereof. No question is raised as to the due receipt of the letter, and the exception taken to its admission in evidence is now waived. The defendant rested his defence solely upon the contention that the evidence which he offered would prove that he was and had been evicted in fact from a substantial part of the demised premises by the plaintiff and the plaintiff's predecessor in title; and asserted that the covenant of the lease to pay rent was suspended thereby and was inoperative up to the time of the trial.

The evidence, offered by the defendant in support of his contention that he had suffered an actual eviction, in substance warranted the finding of the facts which follow: The store leased to the defendant is one of several in a block of stores owned by the plaintiff and his predecessor in title. The use made of the cellar to the store by the defendant was a use contemplated by the parties at the time the lease was executed. For a period of three or four months the building in question was out of repair, in that there was a defective roof which collected and gathered water in large quantities.

By reason of a defective gutter this water was discharged upon the land and caused to flow into the cellar of the defendant to the depth of four or five feet. The defendant further offered to prove that the condition of the roof and gutter was brought to the attention of the lessor with repeated requests to repair the premises; that the lessor promised many times to do so; and that although he had a chance to repair the buildings he neglected to do it, with full knowledge of the fact that the water was collected on his buildings near by and was thrown into the cellar. The evidence was excluded and the defendant excepted.

No evidence, so far as the record discloses, was offered as to the physical condition of the roof, gutter or adjoining property when the lease was executed. The lease, which is annexed to the bill of exceptions, contains a covenant that the lessee will keep all and singular the said premises in such repair as they are in at the commencement of said term or may be put in by the said lessor or his representatives during the continuance thereof. No evidence was offered, other than above stated, that there was any interference with the occupancy of the premises by the wrongful act of the plaintiff or that there was an interference by physical ouster; nor was there evidence of any act of a permanent character done by the plaintiff or by his predecessor with the intention and effect of depriving the defendant of the enjoyment of the demised premises. The mere fact that the lessor refused or neglected when requested to make repairs on the building which contained the premises leased by the defendant, or to make repairs upon adjoining buildings, which, if made, would prevent the harm suffered by the defendant, is not sufficient to constitute an eviction. " . . . even where the landlord is bound by . . . express covenant to repair, and by his failure to do so the premises become uninhabitable, or unfit for the purposes for which they were leased, the tenant has no right to quit the premises, or to refuse to pay rent according to his covenant, but his only remedy is by action for damages." *Royce* v. *Guggenheim,* 106 Mass. 201, 202, 203.

The defendant has remained at all times in occupation of

the premises and has not surrendered or offered to surrender possession. There was no breach of the covenant of quiet enjoyment and no eviction. *Callahan* v. *Goldman*, 216 Mass. 238.

*Exceptions overruled.*