FRANK W. ROBERTS *vs.* FANNIE WISH & another.

FANNIE WISH & another *vs.* FRANK W. ROBERTS.

Suffolk.    November 8, 1928. — November 27, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Construction, Performance and breach.  *Landlord and Tenant,* Eviction, Surrender.

A covenant by the lessor in a lease provided that, before the beginning of the term, he would instal a concrete floor in the leased premises, which were to be used by the lessee as a pool and billiard room. When the lessee entered at the beginning of the term, the new floor appeared to be dry and satisfactory and to have been constructed in a workmanlike manner, but about six weeks later it became flooded with water, and was so flooded four or five times while the lessee was in possession, although the reason for such flooding did not appear. The lessee occupied the premises for about seven months and then vacated them because the dampness interfered with his business. Thereupon the lessor, finding the door open, locked it, kept the key and endeavored unsuccessfully to let the premises. Another tenant in the building was then given the key and had the use of the premises for storage of a few discarded boxes. At the trial together of two actions of contract, the first by the lessee against the lessor for breach of the covenant in the lease, and the second by the lessor against the lessee for rent becoming due after the lessee vacated the premises, the trial judge ordered verdicts for the lessor. *Held,* that

(1) No breach of the lessor's covenant appeared: he did not agree to make repairs or to maintain the premises in a suitable condition for a pool and billiard room; and the verdict properly was ordered for the lessor in the first action;

(2) No eviction of the lessee appeared, nor did the conduct of the lessor after the lessee had vacated warrant a finding that there had been a surrender by the lessee which was accepted by the lessor; and the verdict properly was ordered for the lessor in the second action.

Two ACTIONS OF CONTRACT. Writs dated respectively July 15, 1925, and September 24, 1925.

Material evidence at the trial of the actions together in the Superior Court before *Flynn*, J., is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendants in the first action and for the plaintiffs in the second action in the sum of $280. The actions were reported for determination by this court by *Cox*, J., after the death of *Flynn*, J.

*John J Walsh*, for Roberts.

*W. Hirsh*, for Wish and another, submitted a brief.

SANDERSON, J. The first of these actions, namely Roberts *v.* Wish, is in contract to recover damages for breach of covenant in a lease to the effect that the defendants would instal in the leased premises a concrete floor in good and workmanlike manner, for the use of the plaintiff as a pool and billiard room. The second action is for recovery of rent reserved under the lease.

The actions were tried together and verdicts were directed for the defendants in the first action and for the plaintiffs in the second; and the cases were reported with a stipulation that, if there was any competent evidence to be submitted to the jury, a verdict of $280 is to be entered for the plaintiff in the first action and judgment is to be entered for the defendant in the second.

The lease provided that the concrete floor should be completed not later than August 1, 1924, when the lease was to be in full force and effect for a term of three years at a rental of $80 per month in advance, and in the event that the work was not then completed, the term was to begin from the date of completion.

Roberts testified that he took possession August 1, 1924,

and the floor was dry and seemed to be satisfactory; that about six weeks later it became flooded but he did not know the reason for the flood; that he saw the water come through a trap, that he had been told that the sewer backed up and that was the only reason he could give for the flooding; that as far as he could see the floor was done in a workmanlike manner, it was smooth and even without cracks and it was all right for his business at the time; that it was flooded four or five times while he was there, usually after a rain, and the balls, tables and cues used in his business were affected by the dampness and his business interfered with. Roberts remained in possession of the premises until March 1, 1925. He testified that "he stuck it out until March." His property was then removed by him and the place left empty. After Roberts left, the lessor's agent visited the building, found the door open, locked it, kept the key, put a sign to let on the door and placed the property with several real estate agents to let; he also tried to let it himself and advertised it, but received no reasonable offer for it. Another tenant in the building was given the key and had the use of the place for a few discarded boxes.

Roberts accepted the premises as they were after the concrete floor was built and continued to occupy them for several months. Upon the evidence the defendants had no duty to prevent the water from entering the premises after August 1, 1924, when the estate vested in the lessee. *Roth* v. *Adams,* 185 Mass. 341. The testimony would not justify a finding that there was a breach of the covenant to complete this floor before the tenancy began. The fact that water came in as described could not be found to be an eviction. *Callahan* v. *Goldman,* 216 Mass. 238. *Goldberg* v. *Horan,* 263 Mass. 302. The lessors did not agree to make repairs or maintain the premises in a suitable condition for a billiard room. *Cowen* v. *Sunderland,* 145 Mass. 363. *Taylor* v. *Finnigan,* 189 Mass. 568, 573. It did not appear that the presence of the water was caused by any wrongful act of the lessors. The judge was right in ordering a verdict for the defendants in the first action.

The rent sought to be recovered is for a period beginning

March 1, 1925, when the tenant abandoned the premises, and the contention is made that the question, whether there was a surrender by the tenant and an acceptance by the owners, was one of fact to be submitted to the jury; but the testimony as to the acts of the owners in assuming control of the property and endeavoring unsuccessfully to let it after Roberts had abandoned it, could not be found to be conduct which would release the tenant from his obligations under the lease. The plaintiffs never excluded the defendant from the property and their acts were all consistent with their right to protect the property and their duty to reduce the lessee's loss by reletting it if they could. The order directing a verdict for the plaintiffs in the second action was right.

In accordance with the terms of the report judgment is to be entered on the verdicts.

*So ordered.*