*Southern District*

**JOHN PHILOPOULOS, ET AL, Plaintiffs**

**v.**

**HAROLD P. DAVIS, Defendant**

*Present*: Nash, P.J., Cox & Murphy, JJ.

Case tried to *Horrocks, J.* in the First District Court of Barnstable, No. 21430.

*Murphy, J.* This is an action of contract to recover the sum of $1,899.99 as rental for the three months of September, October, and November of 1963, under the terms of a five-year lease dated December, 1960, and modified by amendment dated December 29, 1962.

The defendant's answer was a general denial, and that he owed nothing on the alleged

lease by reason of his constructive eviction from the premises.

The defendant, among others, requested the following ruling:

"2. The court is warranted in finding that repeated flooding, known to the landlord and not remedied, resulted in a situation which enabled the defendant to abandon his lease, on grounds of constructive eviction."

The court warrantably made the following findings of fact:

"I find that: The plaintiffs were lessors and the defendant was a lessee of a certain business premises. The plaintiff's leased premises adjoining the defendant's leased premises to a laundromat and 20 washing machines were placed along a party wall adjoining the defendant's leased premises. These machines leaked and on numerous occasions caused water to flood under the party wall and into the defendant's leased premises, damaging his stock.

"The defendant complained in writing to the plaintiffs on at least four occasions about the flooding and also pressed the adjoining tenant for damages on one occasion and settled the claim with him.

"The defendant notified the plaintiffs in July of 1963 in writing, that he intended to vacate the leased premises on August 31, 1963, considering the water condition a constructive eviction.

"There was no constructive eviction here. There was no act of a permanent character done by the landlord with the intention or effect of depriving the tenant of the enjoyment of the demised prem-

ises. Any act of damage to the defendant was done by the adjoining tenant by an instrumentality on this tenant's premises, and over which the plaintiff landlords had no control. The plaintiffs have brought this action for rental for the month of September, October, and November of 1963 in the amount of $1,899.99.

"I find for the plantiffs."

The court found for the plaintiff in the sum of $1,899.99. The defendant claims to be aggrieved by the failure of the court to grant his request for ruling No. 2, and because the court made no finding with respect to the storage of building materials and equipment which he contends constituted a second ground of constructive eviction.

■ The trial judge has made ample findings to justify the denial of this request. The report indicates that the floodings were caused entirely by the malfunction of the washing machines in the laundromat.

■ ■ The plaintiffs had no obligation under the lease with the defendant to make repairs, nor was there any evidence introduced tending to show that the party wall was in any way defective. Furthermore, the defendant pressed a claim for damages against the owner of the laundromat, the other tenant, and in fact settled that claim with him.

■ In order to justify a constructive eviction, it must appear affirmatively that by his intentional and wrongful act, the landlord has deprived the tenant of the beneficial use

and enjoyment of the leasehold. *Taylor v. Finnigan,* 189 Mass. 569.

In the present case, the flooding was not caused by the landlord, nor did the landlord have any duty to repair. *Fifty Associates v. Burger Drygoods,* 275 Mass 509. In *Goldberg v. Horan,* 263 Mass. 302 (a defective gutter caused water to be discharged on to the tenant's premises) this condition remained despite repeated notices by the tenant to the landlord. The court held that the tenant was not excused from paying his rent, saying,

> "No evidence was offered, other than above stated, that there was any interference with the occupancy of the premises by the wrongful act of the plaintiff; nor was there any evidence of any act of a permanent character done by the plaintiff or by his predecessor with the intent or affect of depriving the defendant of the enjoyment of the demised premises. The mere fact that the lessor refused or neglected, when requested, to make repairs on the building which contained the premises leased by the defendant or to make repairs on the adjoining building, which if made would prevent the harm suffered by the defendant is not sufficient to constitute an eviction."

*Roberts v. Wish,* 265 Mass. 179.

The law requires that before a tenant can claim to be constructively evicted, he must show that the landlord has committed a wrongful act with an intention to deprive the

tenant of the beneficial use of the premises.

In the instant case, it does not appear that the presence of water was caused by any wrongful act of the lessors.

The tenant may have a separate and distinct cause of action against the landlord for damages, but this has no bearing on the point at issue here. *MacMilligan v. Wickstrum,* 244 Mass. 159; *Royce v. Guggenheim,* 106 Mass. 201.

The record is not clear from the reported evidence as to the defendant's second contention, namely, that there was a constructive eviction because some time after the defendant had vacated the premises, the plaintiff permitted a third party to store materials on the premises. This question is not properly before us, since there is no statement in the report that it contains all the evidence material to the question reported. *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524. And even if it were properly before us, there is no merit to the defendant's contention. *Roberts v. Wish* and *Goldberg v. Horan,* cited supra.

The denial of request for ruling No. 2 was proper, and there is nothing further for us to consider.

*There being no error, an order should be entered dismissing the report.*

J. Owen Todd of Boston for the plaintiff.

Joseph H. Beecher of Hyannis for the defendant.