ISRAEL NESSON *vs.* CHARLES F. ADAMS.

SAME *vs.* JOHN B. COOK.

Middlesex.    May 20, 1912. — June 19, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Landlord and Tenant,* Eviction. *Evidence,* Best and secondary.

In an action on a covenant in a lease for the rent of a suite of rooms in an apartment
house, the defense relied upon was an alleged eviction. By the terms of the
lease the plaintiff covenanted to light and keep clean the common stairs of the
building and to supply elevator service. There was evidence that the elevator
was not run regularly and that frequently the defendant and his family were
compelled to use the stairway, that the plaintiff failed to light the common stairs
and the corridor through which the defendant and his family were obliged to
walk and that this source of danger was aggravated and a nuisance created by
the presence of garbage carelessly scattered on the floor of the corridor by the
janitor and permitted to remain there for days, that the plaintiff persisted in
thus maintaining the portions of the building under his control after notice that
such maintenance would result in the departure of the defendant, and that there-
upon the defendant abandoned possession of the suite. *Held,* that it could not
be said as matter of law that there was no evidence on which the jury under
proper instructions might find that the defendant was justified in treating the
condition of the premises and the manner of their maintenance as an eviction.

It is proper to admit in evidence a copy of a material letter written to a party in an
action of contract, where there is evidence that the letter was mailed and that
the party to whom it was addressed received and credited a check which was
enclosed in the letter.

TWO ACTIONS OF CONTRACT, each upon a covenant in a lease
for the rent of a suite of rooms in an apartment house on Massa-
chusetts Avenue in Cambridge. Writs in the Third District Court
of Eastern Middlesex dated respectively October 21, 1908, and
March 20, 1909.

On appeal to the Superior Court the cases were tried together
before *Wait,* J. The evidence is described in the opinion. The
letter of the defendant Adams to the plaintiff, referred to in the
opinion, complained about the condition of the premises and stated
that unless these conditions were remedied they would be treated
as sufficient cause for leaving the apartment and ceasing to pay
rent. The plaintiff denied receiving the letter and objected to the

admission of a copy of it. There was evidence that the letter was mailed and that it enclosed a check for the payment of rent due on the day of its date, which was received and credited by the plaintiff. The judge admitted the copy of the letter and the plaintiff excepted.

At the conclusion of the evidence the plaintiff asked the judge to rule that there was no evidence of a breach of the condition of the lease, and to order a verdict for the plaintiff in each case. He also asked the judge to rule in each case that on all the evidence the verdict should be for the plaintiff. The judge refused to make the rulings requested and submitted the cases to the jury "under instructions not objected to." The jury returned a verdict for the defendant in each of the cases; and the plaintiff alleged exceptions.

The cases were submitted on briefs.

*G. W. Reed*, for the plaintiff.

*H. W. Beal*, for the defendants.

DeCourcy, J. These are two actions for rent under leases, and were tried together as the facts were substantially alike. The main question argued is whether the evidence warranted the jury in finding an eviction by the plaintiff lessor, operating as a defense.

It is not contended that the tenants were expelled by the assertion of a paramount title, and by process of law, in accordance with the original and technical meaning of an eviction. 16 Cyc. 820. Nor were they physically turned out of possession of the leased premises. But it is contended that the acts of the plaintiff resulted in a substantial interference with the defendants' right of possession or enjoyment amounting to an eviction, as the term is used at the present time, and that his acts indicated an intention that they should no longer continue to occupy the leased premises.

The suites of rooms occupied by the defendants were in an apartment house in Cambridge named the "Regent," and they had paid the accrued rent up to the time they moved out. Under the terms of each lease the plaintiff covenanted to light and to keep neat and clean the common stairs of the building, to heat the leased premises and supply them with hot and cold water and elevator service. There was evidence that the elevator was not run regularly and was shut down for days at a time; that the ele-

vator in the plaintiff's adjoining and connecting building, the "Majestic," was sometimes used by the defendants, and then they reached their suites by walking through the corridor in the latter building; that frequently it was impossible to get any elevator service in either the Regent or the Majestic, because there was no elevator man present, and they were compelled to use the stairway; that the plaintiff failed to light the common stairs, the landings adjacent thereto, and the corridor through which the defendants and their families were compelled to walk, and that this source of danger was aggravated, and a nuisance created, by the presence of garbage carelessly scattered on the floor of the corridor by the janitor and permitted to remain there for days; that the supply of hot water was irregular and not furnished when most needed. This and other similar evidence was strongly controverted by the plaintiff, but its weight was for the jury. If believed it would warrant a finding that the defendant or those acting by his authority kept the approaches to the leased premises in such condition that the suites became unsuitable for the purposes for which they were leased, and further that the plaintiff persisted in so maintaining the portions of the building under his control after complaints had been made to him and his agents and notification given that it would result in the departure of the tenants.

It was said by the court in *Royce* v. *Guggenheim,* 106 Mass. 201: "Any act of a permanent character, done by the landlord, or by his procurement, with the intention and effect of depriving the tenant of the enjoyment of the premises demised, or of a part thereof, to which he yields and abandons possession, may be treated as an eviction." Although this is an extreme case we cannot as matter of law say that there was no evidence for the jury on the issue of an eviction and of an election by the lessees to abandon the premises in consequence thereof; and as no exception was taken to the charge we must assume that the jury were fully instructed as to the law. *McCall* v. *New York Life Ins. Co.* 201 Mass. 223, and cases cited. *Voss* v. *Sylvester,* 203 Mass. 233.

The letter of the defendant Adams to the plaintiff was rightly admitted in evidence. *Swampscott Machine Co.* v. *Rice,* 159 Mass. 404. *McKay* v. *Myers,* 168 Mass. 312.

*Exceptions overruled.*