## STEWART v. LAWSON.

1. LANDLORD AND TENANT—EVICTION—CONDUCT OF COTENANTS.
   There is no eviction of a tenant in a flat building, barring recovery for rent, because the landlord, upon notice, fails to compel other tenants to cease offending such tenant by the use of offensive language and conduct, under a covenant for quiet and peaceable possession and a clause in the tenant's lease forbidding the use of foul and abusive language so as to become a nuisance to other tenants and neighbors, where the tenants causing the disturbance have no title interest in the premises and their conduct is not encouraged by the landlord, even though the leases of the other tenants contain similar clauses against the use of such language, and the offending tenants might have been ejected because thereof.

2. PLEADING—COURT RULES—NOTICE.
   Under Circuit Court Rule No. 23, if the defendant, in an action on a lease, desires to rely upon a release he must set it up in a notice under the general issue.

Error to Wayne; Van Zile, J. Submitted January 12, 1917. (Docket No. 124.) Decided December 28, 1917.

Assumpsit in justice's court by M. Frances Stewart against Joseph G. Lawson for rent. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Reversed.

*Edward A. Barnes,* for appellant.

*John D. Harger* (*James Swan,* of counsel), for appellee.

BIRD, J. Defendant became a tenant of plaintiff on the 1st day of September, 1914, in a four-family flat

building on Lathrop avenue in the city of Detroit, under a written lease for one year. The lease was in the ordinary form, with the addition of the following clause:

"Nor shall any of the family or its visitors use foul, abusive, or offensive language, or become a nuisance to other tenants or neighbors, but, on the contrary, shall at all times conduct themselves peaceably and in a ladylike or gentlemanly manner during the term of this lease."

Defendant occupied the premises and paid the rent to March 1, 1915, when he removed therefrom. This suit was instituted to recover the rent for the balance of the year. Defendant claimed that he removed from the flat under circumstances amounting to an eviction; that the conduct and language of some of the other tenants in the flat were so intolerably offensive that he could not remain; that he called plaintiff's attention to it, and she consented that he might move out if it did not abate within a stated time; that matters did not improve within the stated time, and in consequence thereof he removed from the flat.

Plaintiff denied the authority of her agent to release defendant, and the agent denied doing so. She also took the position that, if defendant were evicted, it was by reason of the act of third parties, for whose acts she was not responsible.

1. Defendant based his defense on the covenant in his lease for quiet and peaceable possession of the premises, and upon the additional clause heretofore referred to. He contends that it was the duty of plaintiff, when notified, to abate the nuisance, and her failure in this respect makes her liable for the eviction, and bars her right to recover the rent for the balance of the term. The question, therefore, is how far the landlord is chargeable to one tenant for the misconduct and unlawful acts of other tenants. The

law on this question does not appear to be involved in much doubt. It is said in Jones on Landlord & Tenant, § 361, that:

"Under a contract for quiet enjoyment the lessor does not covenant against the acts of wrongdoers; and to constitute a breach of this covenant the person who does the act must have some lawful interest or right in the realty whereby the tenant is evicted."

In 18 Am. & Eng. Enc. Law (2d Ed.), page 220, the general rule is stated to be that:

"As a general rule a landlord is not liable to one tenant for the improper use of a part of the building by another tenant. If, however, the landlord authorizes one tenant to do upon the premises wrongful acts whose effect is to injure another tenant, which result is the natural and proximate consequence of such acts, he is liable therefor."

At page 625 it is said:

"The covenant for quiet enjoyment merely protects the lessee from disturbance of his possession by the lessor or persons claiming under him, or by the owner of the paramount title; the lessor incurs no liability for disturbance through the wrongful or tortious acts of third persons."

The rule is stated in 24 Cyc. at page 1132:

"Trespasses or other acts of third persons impairing the usefulness or enjoyment of the premises demised do not amount to an eviction by the lessor, unless the acts from which the eviction is asserted to result were committed under the direction of, or at the instance or with the consent of, the lessor."

Quoting again from Jones on Landlord & Tenant, § 360, it is said:

"From the doctrine that the landlord is not responsible for the acts of strangers, it would follow that an act done by one tenant in a tenement house without the authority, consent, or connivance of the landlord cannot be treated as an eviction by other tenants."

It is clear under this rule that no eviction took place which would bar a recovery of the rent, there being no evidence that the tenants causing the disturbance had any title interest in the premises or that plaintiff in any way encouraged it. The most that can be said, if the testimony of defendant is to be believed, is that plaintiff suffered it to continue. This would not be sufficient to bind her, unless she gave some active support or encouragement to their wrongful acts. But it is said the additional clause in the lease heretofore referred to changes this rule; that plaintiff under this clause might have ejected them, as their leases contained the same clause, but defendant could not. This might be true if sufficient cause existed, even if that clause had not been inserted. The fact that the leases of the other tenants contained this clause would not so affect the contract between plaintiff and defendant as to render the general rule inapplicable. It has been held several times by this court that any act or *acts of the landlord* which deprive the tenant of the beneficial enjoyment of the premises would amount in the law to an eviction. *Pridgeon* v. *Boat Club,* 66 Mich. 326 (33 N. W. 502); *Adams* v. *Werner,* 120 Mich. 432 (79 N. W. 636); *Grove* v. *Youell,* 110 Mich. 285 (68 N. W. 132, 33 L. R. A. 297); *Kuschinsky* v. *Flanigan,* 170 Mich. 245 (136 N. W. 362, 41 L. R. A. [N. S.] 430, Am. & Eng. Ann. Cas. 1914A, 1228); *Bamlet Realty Co.* v. *Doff,* 183 Mich. 694 (150 N. W. 307). In the cases cited the act or acts of the landlord were involved; whereas in the present one it was the act or acts of third parties which deprived defendant of the beneficial use of the premises. It follows that, so far as this question was concerned, plaintiff was entitled to a directed verdict.

2. Testimony in support of defendant's second defense, that plaintiff's agent consented to and did release him, was strenuously objected and excepted to

by plaintiff on the ground that it was an affirmative defense, and consequently could not be raised without notice under the general issue. Counsel's objection was overruled, the court being of the opinion that the notice was broad enough to admit it. The notice filed by defendant sets out quite fully his first defense, but it gives no hint that a release would be shown or insisted upon. Under Circuit Court Rule No. 7b (new Rule No. 23, § 2), this was necessary. *Sunlin* v. *Skutt*, 133 Mich. 208 (94 N. W. 733); *R. K. Carter & Co.* v. *Weber*, 138 Mich. 576 (101 N. W. 818). The objection should have been sustained.

Other errors are assigned; but, as they are not likely to arise upon a retrial, they will not be considered.

The judgment must be reversed, and a new trial granted, with costs to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.