WALTER A. HOPKINS, trustee, *vs.* JAMES J. MURPHY.

Suffolk.    June 23, 1919. — September 10, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Landlord and Tenant,* Eviction.

The presence of cockroaches in an apartment leased for a dwelling, two years after the making of the lease, and an unsuccessful attempt of the lessor to destroy the cockroaches when notified by the lessee of their presence are not evidence of an eviction of the lessee from the apartment.

CONTRACT, brought by the plaintiff, as trustee, on a covenant to pay rent in a lease of the upper of two suites in a house numbered 67 on Winthrop Road in Brookline, to recover rent for the months of February, March and April, 1916, at the rate of $79.17 per month. Writ in the Municipal Court of the City of Boston dated April 4, 1916.

The answer, among other things, alleged that before the rent mentioned in the plaintiff's declaration became due the defendant was evicted from the premises by the plaintiff "permitting large numbers of vermin or roaches to invade said premises or a substantial part thereof and to continue therein, rendering the premises impossible and dangerous for use for the purposes for which rented."

On removal to the Superior Court the case was tried before

*Keating*, J.  The evidence is described in the opinion.  At the close of the evidence the plaintiff moved that a verdict be ordered in his favor.  The judge granted the motion and ordered a verdict for the plaintiff in the sum of $276.28.  At the request of the parties the judge reported the case for determination by this court.

If the ordering of the verdict was right, judgment was to be entered for the plaintiff on the verdict; otherwise, judgment was to be entered for the defendant.

The case was submitted on briefs.

*W. B. Grant & H. E. Whittemore*, for the defendant.

*R. W. Dunbar*, for the plaintiff.

CROSBY, J.  This is an action to recover rent under a written lease of the upper suite in a two-family house.  The defendant denies liability and contends that he was constructively evicted from the premises by reason of the presence in the suite of large numbers of "roaches," rendering it unfit for occupancy.  We understand that "roaches" as described in the record are what are commonly known as " cockroaches."  There was no evidence to show that there were any cockroaches in the leased premises until about December 1, 1915, — more than two years after the defendant's occupancy began.  It appeared that as soon as the plaintiff was notified by the defendant of their presence, he sent a man to the house to destroy them, but his efforts in that direction were not successful.

It is well settled that in a lease of real estate no covenant is implied that it should be fit for occupation; and this is true of a lease of a building for a dwelling-house.  *Royce* v. *Guggenheim*, 106 Mass. 201, 202.  *Pomeroy* v. *Tyler*, 9 N. Y. St. Rep. 514. *Murray* v. *Albertson*, 21 Vroom, 167.  In the absence of an express agreement between the parties or of fraudulent representations or concealment by the lessor, the lessee takes the demised premises as they exist and the rule of *caveat emptor* applies.  *Skally* v. *Shute*, 132 Mass. 367.  *Roth* v. *Adams*, 185 Mass. 341.  To constitute a constructive eviction, it must appear that by his intentional and wrongful act the landlord has deprived the tenant of the beneficial use or enjoyment of the whole or a part of the leasehold.  *Smith* v. *McEnany*, 170 Mass. 26.  *Taylor* v. *Finnigan*, 189 Mass. 568.  *Voss* v. *Sylvester*, 203 Mass. 233.  *Nesson* v. *Adams*, 212 Mass. 429.

The record shows that the demised premises were in a new building and had not been occupied before the defendant's tenancy began, and that no cockroaches were seen there by the defendant until more than two years thereafter. There is nothing to indicate that the plaintiff was responsible for the presence of the insects or that he failed in any duty which he owed to the defendant. His unsuccessful attempt to exterminate them could not be found to be a constructive eviction of the defendant. Everybody knows that cockroaches, ants and other objectionable insects will sometimes appear in dwelling houses to the annoyance of the occupants. It is manifest that the plaintiff was not responsible for the presence of the cockroaches and that he did nothing with the intention and effect of depriving the defendant of the demised premises. Under such circumstances the evidence would not warrant a finding that there was an eviction. The fact that the landlord, upon notice from the tenant, attempted to remedy existing conditions, was a gratuitous act, and was not evidence of an eviction. *McKeon* v. *Cutter*, 156 Mass. 296, 298.

There was evidence that before the defendant vacated the tenement the plaintiff learned there were cockroaches in the lower suite, occupied by another tenant. When he received this information does not appear. It is not evidence of a constructive eviction.

The cases relied on by the defendant where, by some act of the landlord of a permanent character or by reason of false representations at the time of the letting, the lessee was deprived of the beneficial enjoyment of the demised premises, are plainly distinguishable from the case at bar. *Royce* v. *Guggenheim, supra. Sherman* v. *Williams*, 113 Mass. 481. *Skally* v. *Shute, supra.*

In accordance with the report, judgment is to be entered for the plaintiff on the verdict for $276.28 with interest to February 27, 1919.

*So ordered.*