## PINCHING v. WURDEMAN.

(Court of Appeals of District of Columbia. Submitted March 5, 1926. Decided April 5, 1926. Motion for Reargument Denied April 24, 1926.)

No. 4373.

1. Pleading ⬩354(2)—In action for rent, defendant's plea of loss occasioned by plaintiff's alleged breach of covenant to repair held properly stricken.

In action for rent, where defendant pleaded plaintiff's failure to make necessary exterior repairs, with result that roof, gutters, and spouts leaked, and defendant's business of renting rooms was broken up, "occasioning her a loss of $1,000," held, allegation of loss was not predicated on facts sufficient to furnish a basis for recovery in damages, and was properly stricken on motion.

**2. Pleading ⊚⟹8(3)—Tenant's allegation of eviction held insufficient, as in effect a conclusion.**

In action for rent, defendant's nil debet plea, on ground that plaintiff had failed to make repairs, with result that roof, gutters, and spouts leaked, and plaintiff was in effect evicted from' the largest part of the house, and her business of renting rooms was broken up, *held* an insufficient allegation of eviction to constitute defense; allegation that she was evicted being a' conclusion.

**3. Landlord and tenant ⊚⟹190(2).**

Lessor's wrongful eviction of tenant from part of demised premises suspends entire rent until full possession is restored.

**4. Landlord and tenant ⊚⟹190(2).**

Lessee, to avoid payment of rent on ground of constructive eviction, must have surrendered or abandoned premises; otherwise, remedy is by action for damages.

In Error to the Municipal Court of the District of Columbia.

Action by J. Henry Wurdeman against Maude E. Pinching. Judgment for plaintiff, and defendant brings error. Affirmed.

S. H. Giesy, of Washington, D. C., for plaintiff in error.

Louis Ottenberg, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This case is here on writ of error to the municipal court of the District of Columbia from a judgment rendered for the balance found to be due under a rental contract.

It appears that plaintiff, the tenant, leased the premises for one year at the rate of $150 per month. The judgment was for an unpaid balance of $500. There was an item of $25 additional involved in the suit for cleaning the premises after the tenant vacated. This, however, was disallowed below and is not involved here.

The contract contained a provision requiring the landlord to "make all necessary exterior repairs during the term of the lease." It is rather difficult to determine from the pleas of the defendant, which were twice amended, exactly the ground of defense relied upon. Counsel in their briefs, however, have singled out the defense based on the failure of the landlord to comply with the foregoing provision of his contract.

The plea on which plaintiff especially relies is "nil debet," on the ground that "plaintiff failed to make the necessary exterior repairs, as by the covenant he promised to do, which resulted in the roof, gutters, and downspouts of the house leaking to such an extent that defendant was deprived of the use of the largest part of the house, and was in effect evicted therefrom, and the business of renting rooms, for which the plaintiff well knew she rented the house, was broken up, and the consideration for the rent failed, occasioning her a loss of $1,000."

The court sustained motions to strike the pleas, and a judgment for plaintiff was accordingly entered.

[1, 2] The mere allegation of a loss of $1,000 is not predicated upon facts sufficient to furnish a basis for recovery in damages, and the motion to strike this portion of the plea was properly sustained. Neither do we think that there is sufficient allegation of eviction from the house or any portion thereof, as the result of the conditions arising from the defective roof, to constitute a defense against an action for unpaid rent.

[3] Unquestionably it is the law that, if a lessor wrongfully evicts a tenant from a part of the demised premises, the eviction suspends the entire rent until full possession is restored. In other words, the lessor cannot apportion his own wrong, and claim rent for the portion of the premises which has been left to the use of the tenant. The difficulty in the present case is that there is no claim set up for an actual eviction from any portion of the premises, resulting from the damage occasioned by the defective roof. The statement that the "defendant was in effect evicted therefrom" is a mere conclusion, unsupported by any statement or facts upon which the charge of eviction could be sustained, and the further statement that "the business of renting rooms, for which the plaintiff well knew she rented the house, was broken up," is not equivalent to an allegation that defendant vacated a portion of the premises, or that rooms theretofore rented were not used for other purposes.

[4] The rule of law applicable to cases of this sort, where there has not been an actual eviction or yielding of possession, is concisely stated in an annotation in 20 A. L. R. 1369, as follows: "The great weight of authority is to the effect that, in order for the lessee to rely upon constructive eviction as a ground for avoiding payment of the rent contracted for, he must surrender or abandon the leased premises."

The same rule is more elaborately stated in Piper v. Fletcher, 115 Iowa, 263, 88 N. W. 380, as follows: "That the tenant may

recover damages for breach of covenant to repair is well settled. He may also make the repairs himself, and charge the cost of the same to the landlord, or he may recoup his damages in an action by the landlord for rent. The covenant to pay rent and the covenant to repair are independent, however, and failure of the landlord to repair does not work a forfeiture of the rent, where the tenant remains in the possession and occupancy of the premises. Young v. Burhans, 80 Wis. 438, 50 N. W. 343. But if the landlord fails to repair, and in consequence the premises become untenantable, the tenant may abandon them and escape liability for rent. Bissell v. Lloyd, 100 Ill. 214; Bostwick v. Losey, 67 Mich. 554, 35 N. W. 246; Lewis v. Chisholm, 68 Ga. 40. To warrant an abandonment, however, it must be shown that the premises became untenantable by reason of the landlord's failure to comply with his agreement."

The tenant in this case was confronted with a situation calling for an election on her part of one of two courses which were open for her to pursue—either to pay the rent and sue the landlord for the damages incurred by reason of his failure to keep the premises in proper repair, or to abandon the premises and defend against the payment of further rent. She could not continue in possession and avail herself of the latter remedy. It follows, therefore, that her only remedy is by way of an action for damages.

The rule in this particular is stated in Royce v. Guggenheim, 106 Mass. 202, 8 Am. Rep. 322 (cited in the brief of counsel for plaintiff in error) as follows: "Any act of a permanent character, done by the landlord, or by his procurement, with the intention and effect of depriving the tenant of the enjoyment of the premises demised, or of a part thereof, to which he yields and abandons possession, may be treated as an eviction. * * * The mere fact that by an act or default of the landlord, not unlawful in itself, nor accompanied with any intention to affect the enjoyment of the premises demised, they have been rendered uninhabitable, is not sufficient. It is now well settled, both here and in England, that in a lease of a building, or a dwelling house, or store, no covenant is implied that it should be fit for occupation. * * * And the English authorities, ancient and modern, are conclusive that, even where the landlord is bound by custom or express covenant to repair, and by his failure to do so the premises become unin-

habitable, or unfit for the purposes for which they were leased, the tenant has no right to quit the premises, or to refuse to pay rent according to his covenant, but his only remedy is by action for damages."

It is clearly apparent that there is no theory upon which defendant can plead the unpaid rent as a lawful offset in this action. Her remedy, if any she had, was in an action for damages.

The judgment is affirmed, with costs.