ISADOR KATZ & another *vs.* ALICE M. DUFFY.

SAME *vs.* SAME.

Worcester. September 28, 1927. — October 18, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Landlord and Tenant,* Quiet enjoyment, Eviction. *Practice, Civil,* Ordering verdict.

At the trial of an action against a woman for rent under a lease, the sole defence was a constructive eviction by the alleged breach of an implied covenant for quiet enjoyment. The premises let were an apartment of

five rooms on the lower floor in a building containing eight tenements. There was evidence that the janitor sold whiskey in the basement of the building; that in the rear of the building there was a vacant lot in which automobiles were parked, and "frequently people who appeared to be in an intoxicated condition went up and down the back stairs by . . . [the plaintiff's] window and got into these automobiles"; that "her enjoyment of her apartment was disturbed by the raiding of . . . [an] apartment on the top floor"; that other tenants were noisy; that at various times she found bottles smelling of liquor on the window sills of her apartment; that men and women came "out of the front part of the house in an intoxicated condition," that "there were a number of drunken brawls or disturbances in the apartment of a tenant opposite to hers." It did not appear that the vacant lot where automobiles were parked was owned by the plaintiff. A verdict for the plaintiff was ordered. *Held*, that

(1) There was no evidence of physical ouster of the defendant by the plaintiff, or of anything done on the premises by the plaintiff with intent to deprive the defendant of her enjoyment and occupation of the premises;

(2) It was proper to order a verdict for the plaintiff.

At the trial of the action above described, it also appeared that, because of a leak in a water pipe, the plaintiff sent a plumber to repair the damage, and that he remained in the apartment from the middle of March until some time in May. The defendant admitted that she received $100 from the plaintiff because she "was unable to do any business while the plumber was there." The defendant vacated the premises in August. *Held*, without intimating that the acts of the plumber would constitute an eviction in any event, that the defendant had received and accepted compensation therefor, and was not entitled further to complain.

Two ACTIONS OF CONTRACT, for rent alleged to be due under a lease of a suite of five rooms on the lower floor of an eight tenement building on High Street in Worcester. Writs dated September 11 and November 2, 1925.

In the Superior Court, the actions were tried together before *Irwin*, J. Material evidence is stated in the opinion. By order of the judge, the jury found for the plaintiff in the sums of $200 and $100, respectively. The defendant alleged exceptions.

*F. B. Hall*, for the defendant.

*J. H. Reid*, for the plaintiffs, submitted a brief.

CARROLL, J. The plaintiffs' two actions are to recover rent under a written lease. The defence relied on was a constructive eviction by the alleged breach of the implied covenant for quiet enjoyment. In the Superior Court the

judge ordered a verdict for the plaintiffs, and the defendant excepted.

The lease was dated December 11, 1924. The defendant vacated the leased premises in August, 1925. She lived in the apartment and used a portion of it for business purposes. She testified that the janitor sold whiskey in the basement of the building; that in the rear of the building there was a vacant lot in which automobiles were parked, and "frequently people who appeared to be in an intoxicated condition went up and down the back stairs by her window and got into these automobiles"; that "her enjoyment of her apartment was disturbed by the raiding of Mrs. Smith's apartment on the top floor"; that other tenants were noisy; that at various times she found bottles smelling of liquor on the window sills of her apartment; that men and women came "out of the front part of the house in an intoxicated .condition," that "there were a number of drunken brawls or disturbances in the apartment of a tenant opposite to hers"; that because of a leak in a water pipe the plaintiffs sent a plumber to repair the damage, and the plumber "remained in her apartment from the middle of March until some time in May." The defendant admitted that she received $100 from the plaintiffs "because she was unable to do any business while the plumber was there." There was additional evidence tending to show that many of the tenants in the block were noisy, and were frequently intoxicated; that a large amount of intoxicating liquor was consumed by the tenants and their guests or customers. It appeared that a writ of ejectment was served in March, 1925, on the tenant of the top floor, and that these premises had been "raided" by the police. It did not appear that the vacant lot where automobiles were parked was owned by the plaintiffs.

The plaintiffs denied much of the evidence offered by the defendant. The plaintiff Katz testified he had no knowledge that his tenants "drank and were intoxicated at different times"; that as soon as complaints were made against Mrs. Smith he ejected her.

In *DeWitt* v. *Pierson*, 112 Mass. 8, 10, an action of contract to recover rent, it appeared that rooms in the same house

directly beneath the premises of the tenant were used for purposes of prostitution. It was held that this fact was not a defence to the action. ". . . to constitute an eviction there must be either a physical ouster of the tenant by the landlord, or some act done by him on the premises with the intent of depriving the tenant of the enjoyment and occupation of the whole or part of the same to which the tenant yields the possession within a reasonable time, and in either case the rent is suspended." This principle was followed in *Taylor* v. *Finnigan,* 189 Mass. 568, and in *Hopkins* v. *Murphy,* 233 Mass. 476.

In the case at bar there was no physical ouster of the defendant by the plaintiffs, and nothing was done by them on the premises with the intent to deprive the defendant of her enjoyment and occupation of the premises. The conduct of the other tenants, however disturbing it may have been to the defendant, did not constitute an eviction, and the violation of the law against the sale of intoxicating liquor by the tenants and the janitor did not give the tenant the right to be relieved of the covenant to pay the rent according to the terms of the lease. In *Nesson* v. *Adams,* 212 Mass. 429, relied on by the defendant, the landlord covenanted to light and keep clean the common stairs of the building and to heat the apartment of the tenant and supply elevator services. There was evidence of the violation of this covenant by the landlord. In *McCall* v. *New York Life Ins. Co.* 201 Mass. 223, the premises became unsuitable for occupation because of defective elevator service caused by the conduct of the landlord. None of these facts appear in the case at bar. Even if the acts of the plumber would constitute an eviction, and we do not intimate they would, for this annoyance and disturbance of her occupation she received compensation, from the landlord.

The amount due the plaintiffs was not disputed. As there were no facts shown constituting an eviction, a verdict for the plaintiffs was directed properly. In each case, let the entry be,

*Exceptions overruled.*