LOUIS SHINDLER *vs.* DAVID MILDEN & others.

SAME *vs.* GROVE HALL KOSHER DELICATESSEN & LUNCH, INC.

Suffolk.   November 14, 1932. — February 14, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Landlord and Tenant*, Eviction.

A lease in writing, of premises containing no heating system and to be used for conducting a restaurant and delicatessen business, was for a term of three years from April 1 and required the lessor to install a heating system in the premises on or before September 1. In an action by the lessor for the rent under the lease from November 1 to the end of the term, there was evidence that the plaintiff, although often requested to do so, failed to install any heating system in the premises; and that the lessee, being unable to do business as the weather grew cold, moved out on November 20. *Held*, that a finding of a constructive eviction of the lessee was warranted.

TWO ACTIONS OF CONTRACT. Writ in the first action in the Municipal Court of the City of Boston dated March 7, 1931. Writ in the second action dated December 15, 1931.

Upon removal of the first action to the Superior Court, the actions were tried together before *Donnelly*, J. It appeared that the term of the lease by the plaintiff was for three years beginning April 1, 1927. Other material evidence is stated in the opinion. The jury found for the defendants. The plaintiff alleged exceptions.

The case was submitted on briefs.

*W. Hartstone & H. N. Hartstone*, for the plaintiff.

*A. V. A. Thomason, L. Hamburger & C. S. Hartwell*, for the defendants.

LUMMUS, J.   The plaintiff, on March 31, 1927, leased to
the defendant corporation for three years premises "to be
used for the purpose of conducting and carrying on therein
a delicatessen or restaurant business, and for no other pur-
pose." The action against the defendant corporation is for
the entire rent from November 1, 1927, to March 31, 1930,
amounting to $2,125. The action against the individual
defendants is brought to charge them with payment of the
same rent because they guaranteed in writing that it would
be paid when due.   In both cases the defendants set up an
eviction.  In answer to a special question the jury found that
there was a constructive eviction, and returned verdicts for
the defendants.  Both cases are here on the plaintiff's excep-
tions, which in various forms present the single point that
there was no evidence of eviction.

The evidence as to eviction is the following.   The lease
required the plaintiff "to install a heating system in said
premises on or before September 1, 1927," there being no
existing means of heating them.  About that date the de-
fendant corporation went out of business and assigned its
lease to one Katz, with the assent of the plaintiff, who pre-
served, however, by agreement with the defendant corpora-
tion and the individual guarantors, all his rights against
both.  The plaintiff failed utterly, though often requested,
to install any heating system, and in consequence thereof
Katz was unable to do business as the weather grew cold,
and moved out on November 20, 1927.

A constructive eviction has been defined as "Any act of a
permanent character, done by the landlord, or by his pro-
curement, with the intention and effect of depriving the
tenant of the enjoyment of the premises demised, or of a part
thereof, to which he yields and abandons possession." *Royce*
v. *Guggenheim,* 106 Mass. 201, 202. *Bartlett* v. *Farrington,*
120 Mass. 284.   In applying this definition, with reference
to the intention of the landlord, the law assumes that he
intends the natural and probable consequences of his acts.
*Skally* v. *Shute,* 132 Mass. 367.  An eviction affords a defence
to an action for rent, as well as a cause of action in contract
for breach of the covenant of quiet enjoyment or in tort for

eviction. *Royce* v. *Guggenheim*, 106 Mass. 201, 202. *Callahan* v. *Goldman*, 216 Mass. 238. *Mitsakos* v. *Morrill*, 237 Mass. 29.

The evidence warranted the finding of the jury that there was a constructive eviction. The premises were unfit for the intended use in our climate without the heating system which the plaintiff covenanted to furnish and which was included in the thing for which rent was to be paid. The deliberate failure of a landlord to perform a covenant of the lease to furnish something essential to the enjoyment of the leased premises may be found to be an eviction. *Brown* v. *Holyoke Water Power Co.* 152 Mass. 463. *McCall* v. *New York Life Ins. Co.* 201 Mass. 223. *Nesson* v. *Adams*, 212 Mass. 429. *Boston Veterinary Hospital* v. *Kiley*, 219 Mass. 533. *Conroy* v. *Toomay*, 234 Mass. 384. *Rome* v. *Johnson*, 274 Mass. 444. *Automobile Supply Co.* v. *Scene-in-Action Corp.* 340 Ill. 196, 69 Am. L. R. 1085, and note. In the three cases last cited, failure to perform a covenant to furnish heat was found to be an eviction. *Longwood Towers Corp.* v. *Doyle*, 267 Mass. 368, is not inconsistent, for there the breach of covenant as to heat was temporary and unintentional. In *I. Wit Realty Co.* v. *G. F. Redmond & Co. Inc.* 251 Mass. 344, and *Aylward* v. *Tierney*, 263 Mass. 572, the defence of eviction failed because no agreement to furnish heat was shown. See also *Albiani* v. *United Artists Corp.* 269 Mass. 544; *Booth* v. *Thomas*, [1926] 1 Ch. 397; Williston, Contracts, §§ 891–893.

The cases in which a breach of covenant by a landlord to make repairs has been held no eviction, are distinguishable, because performance of such a covenant is not necessarily indispensable to the enjoyment of the leasehold, and its breach does not ordinarily indicate an intentional and permanent deprivation of enjoyment. *Royce* v. *Guggenheim*, 106 Mass. 201, 202, 203. *Taylor* v. *Finnigan*, 189 Mass. 568, 575. *McMillan* v. *Wickstrom*, 244 Mass. 159. *Goldberg* v. *Horan*, 263 Mass. 302. *Voss* v. *Sylvester*, 203 Mass. 233. Williston, Contracts, § 890. Ordinarily an action on the covenant will give the tenant relief. *Grennan* v. *Murray-Miller Co.* 244 Mass. 336. *Daniels* v. *Cohen*, 249 Mass. 362.

*Connery* v. *Cass*, 277 Mass. 545. But where the breach leaves the premises untenantable, some courts have treated it as an eviction. *John B. Stevens & Co.* v. *Pratt*, 119 Wash. 232, 28 Am. L. R. 1445, and note at pages 1475–1483. *McCardell* v. *Williams*, 19 R. I. 701. *Rea* v. *Algren*, 104 Minn. 316. *Dittman* v. *McFadden*, 159 Okla. 262. *Tootle Theatre Co.* v. *Shubert Theatrical Co.* 175 App. Div. (N. Y.) 530. Williston, Contracts, § 892. See also *Roth* v. *Adams*, 185 Mass. 341; *Roberts* v. *Wish*, 265 Mass. 179; *New York* v. *Pike Realty Corp.* 247 N. Y. 245, 247.

We are aware that it has been said that "An eviction consists in taking from the tenant some part of the demised premises of which he was in possession; not in refusing to put him in possession of something which, by the agreement, he ought to have enjoyed," and that it has been held that a breach of a landlord's covenant to build a raceway for water necessary to the use of a leased mill constitutes no eviction. *Etheridge* v. *Osborn*, 12 Wend. 529, 532. See also *Moore* v. *Mansfield*, 182 Mass. 302, 304. But a failure to furnish heat in November has exactly the same effect upon the enjoyment of premises, whether the lease was made in July or some other month when heat was not needed or in October when the lessee needed and began to enjoy heat at once. Any distinction in such a case between going into possession of the premises and the enjoyment of heat simultaneously, on the one hand, and going into possession in reliance upon future performance of a covenant to furnish heat, on the other, would be unreal and inappropriate to modern conditions. We think the same is true where the covenant, instead of being to furnish heat, is to provide the means of heating.

We do not consider the exceptions of the defendants, for they have been waived.

*Plaintiff's exceptions overruled.*