Max L. Shulman and E. Russell Kelly, both of Washington, D. C., for plaintiff in error.

James E. Shifflette, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

## HUGHES v. WESTCHESTER DEVELOPMENT CORPORATION.

### No. 6254.

United States Court of Appeals for the District of Columbia.

Argued Dec. 7, 1934.

Decided April 22, 1935.

ROBB, Associate Justice.

Writ of error to the Municipal Court.

Defendant in error, as plaintiff, sued defendant (plaintiff in error) for rent alleged to be due under a lease agreement between them by which, according to the affidavit of merit, apartment 442–B, Westchester Apartments, was leased to defendant for a period of 12 months, beginning the 1st day of October, 1932, and ending the 30th day of September, 1933. Defendant entered into possession and apparently paid the rent until February, 1933, when the check for rent for

that month was permitted to be protested. On the 21st of April, following, defendant vacated the apartment.

Defendant filed an affidavit of defense, the legal sufficiency of which was challenged by plaintiff. A substituted affidavit was filed by leave of court. This likewise was challenged, and the court permitted a second substituted affidavit of defense to be filed, which similarly was challenged, and the court, after argument, sustained plaintiff's motion for judgment for want of a sufficient affidavit of defense. The averments of the affidavit, according to plaintiff in error's brief, are substantially as follows: Plaintiff in error (defendant) entered into a lease agreement for the rental of an apartment in the Westchester Apartments for the use and occupancy of his mother, as her home, at a monthly rental of $77.50. At the time this apartment was first occupied by the mother, she discovered that it was overrun with cockroaches, bugs, and other insects, and thereupon reported its condition to the agents of plaintiff. She had made every possible effort through the use of chemicals, powders, and sprays to remedy this condition, to no avail.

Furthermore, during the entire occupancy of the apartment there were frequently heard loud sounds of radios, fights, arguments, dancing, and other disturbances at various hours of the day, night, and early morning to the great discomfort and impairment of the health of the mother of defendant. Subsequently, as a result of a certain family misfortune she became seriously ill and highly nervous, and in her then condition of health she was unable longer without serious impairment to her health to cope with the conditions of the apartment and its immediate environment, due to the fact that the apartment was still overrun with roaches, bugs, vermin, and other insects, making it nearly impossible to use the kitchen and toilet facilities of the apartment. That although the mother on numerous occasions had reported and complained of the conditions in and about the apartment, which conditions rendered the apartment uninhabitable, unsanitary, and dangerous to the health of the occupant, she received no relief and was forced by the existing conditions to vacate the apartment.

▮ Defendant contends that this is a case of constructive eviction. It is settled law that to constitute such an eviction the landlord must have done, or be responsible for, some act of a permanent character with the intention and effect of depriving the tenant of the enjoyment of the demised premises or a part thereof. Pinching v. Wurdeman, 56 App. D. C. 223, 12 F.(2d) 164; Gibbons v. Hoefeld, 299 Ill. 455, 462, 132 N. E. 425; Shindler v. Milden, 282 Mass. 32, 184 N. E. 673; Talbott v. English, 156 Ind. 299, 59 N. E. 857. But the law assumes that the landlord intends the natural and probable consequences of his acts. Skally v. Shute, 132 Mass. 367; Shindler v. Milden, 282 Mass. 32, 184 N. E. 673. Fifty years ago, in Fisher v. Lighthall, 4 Mackey (15 D. C.) 82, 54 Am. Rep. 258, it was ruled that upon a demise there is no implied contract that property is fit for the use for which the lessee requires it, whether for habitation, occupation, or cultivation. The rule was similarly stated in Pinching v. Wurdeman, 56 App. D. C. 223, 12 F.(2d) 164; and in Lawler v. Capital City Life Ins. Co., 62 App. D. C. 391, 68 F.(2d) 438, 439, we said that under the general rule applicable between landlord and tenant "it is long established that upon the letting of a house there is no implied warranty by the landlord that the house is safe; or well built; or reasonably fit for the occupancy intended. The tenant is a purchaser of an estate in the property he rents, and he takes it under the gracious protection of caveat emptor." To the same effect are Naumberg v. Young, 44 N. J. Law, 331, 43 Am. Rep. 380; Royce v. Guggenheim, 106 Mass. 201, 202, 8 Am. Rep. 322; Hopkins v. Murphy, 233 Mass. 476, 477, 124 N. E. 252, 13 A. L. R. 816. Generally, whether the acts of the landlord have been done with intent to evict the tenant is a question of fact for the determination of the jury. Gibbons v. Hoefeld, 299 Ill. 455, 463, 132 N. E. 425. "But the question of actual intent arises only when the acts are such as do not of themselves afford a presumption of intent." Skally v. Shute, 132 Mass. 367, 370.

▮ In the present case there was no covenant that the apartment was fit for habitation and there is no averment that the landlord was guilty of fraudulent representation or concealment. It follows that, under the rule announced, the presence of insects is not evidence of an eviction. In Hopkins v. Murphy, 233 Mass. 476, 124 N. E. 252, 13 A. L. R. 816, the facts were similar, and the court ruled that an unsuccessful attempt of the lessor to destroy the cockroaches when notified by the lessee of their presence is not evidence of an eviction of the lessee from the apartment.

■ Coming now to the averment as to the noise, "fights, dancing, and other disturbances," it will be observed that it is not averred that plaintiff was responsible either directly or indirectly. In Katz v. Duffy, 261 Mass. 149, 158 N. E. 264, 58 A. L. R. 1047, it was ruled that there is no implied eviction of a tenant, releasing her from liability for rent on the theory of breach of an implied covenant for quiet enjoyment, there having been no physical ouster and nothing done by landlords with intent to deprive her of her enjoyment and occupation of the premises, notwithstanding conduct of tenants of other apartments of the building disturbing to her. In Stewart v. Lawson, 199 Mich. 497, 165 N. W. 716, 717, L. R. A. 1918D, 394, it was ruled that there was no eviction of a tenant in an apartment house because the landlord, upon notice, failed to compel other tenants to cease offending such tenant by the use of offensive language and conduct. After observing that the evidence tended to show that plaintiff landlord suffered the nuisance to continue, the court said: "This would not be sufficient to bind her [the landlord], unless she gave some active support or encouragement to their wrongful acts."

The judgment must be and it is affirmed, with costs.

Affirmed.