Wilson, J.
This is an action of contract upon an account annexed wherein the plaintiff seeks to recover the sum of eighty (80) dollars for use and occupation of an apartment owned by the plaintiff and occupied by the defendant. The defendant filed an answer, setting up, that “the plaintiff had prior knowledge as to unfit condition of the said premises at the time of the letting, and concealed such knowledge from the defendant who acted upon such representation of the plaintiff or his authorized agent in the renting of said premises to the defendant, so that the defendant entered into such contract and occupied said premises when he discovered same as unfit for human habitation which constituted a constructive eviction by the plaintiff against the defendant. Wherefore the defendant owes the plaintiff nothing.”
The evidence in its aspect most favorable to the defendant warranted a finding and the court found:
*364 “The plaintiff owned an apartment, known as suite 2, at 102 Edgerton Eoad, Arlington. Through a real estate agent he rented this apartment at $40 per month to the defendant. The defendant paid a deposit to the agent and the balance of the rent for the month of May and moved into the apartment on the first day of May. Before paying the deposit the defendant’s wife asked the real estate agent if the place was entirely free from vermin and bed bugs. The agent assured her it was perfectly clean and absolutely free from bed bugs. The day the defendant moved in, the plaintiff himself came to the apartment and the defendant’s wife asked him if he was sure that there were no bed bugs, and he assured her the place was absolutely clean and there were no bed bugs.
“Five days later the defendant found some bed bugs in the apartment. Later that day the man who had been employed by the plaintiff to exterminate bed bugs in this apartment a few months before the defendant moved in, came to the house and used a spray. On May 15th, after the defendant had found more bed bugs, he moved out without notice and refused to pay rent for the months of June and July.”
The trial court also found for the defendant and ruled:
“Inasmuch as the real estate agent and the plaintiff represented to the defendant that the place was entirely free from bed bugs, which was not in fact so, I find as a fact and rule as a matter of law that the presence of bed bugs in this suite amounted to a con- . structive eviction. ’ ’
The plaintiff filed four requests for rulings, all of which the trial court declined to give “because although the defendant was a tenant at will and gave no notice of his intention to terminate the tenancy and although the suite was: vacant for the months of June and July, I find as a fact that the plaintiff had represented to the defendant that the suite was free from bed bugs and the fact that the suite was not ns represented to. the defendant.;, this constituted a *365 constructive eviction and the defendant was justified in moving out.”
The, plaintiff’s requests now material to this controversy are as follows:
2. The evidence is sufficient to warrant a finding for the plaintiff.
3. The evidence is insufficient to warrant a finding that there was a constructive eviction.
4. If the court finds as a fact that there was a constructive eviction, then notwithstanding that fact, the defendant as a matter of law was not excused from paying his rent.
The burden of proving that the tenancy was terminated by a constructive eviction was on the defendant. Tracy v. Long, Mass. Adv. Sh. (1936) 1669, 1670 ; Rome v. Johnson, 274 Mass. 444, 450.
The essentials of a constructive eviction have been recently discussed in Tracy v. Long, Mass. Adv. Sh. (1936) 1669, 1670, where it was said:
“It has frequently been said that in order to constitute a constructive eviction there must be some act of a permanent character done by the landlord with the intent and effect of depriving the tenant of the enjoyment of the premises or some part thereof, to which the tenant yields, abandoning the premises within a reasonable time. Royce v. Guggenheim, 106 Mass. 201, 202; Voss v. Sylvester, 203 Mass. 233, 240; Greater Boston Bowling Alleys, Inc. v. Olympia Theatres, Inc., 255 Mass. 427, 429. Shindler v. Milden, 282 Mass. 32, 33.
“ . . . . Conduct of a landlord which is slight or temporary in effect may give a tenant a right to some legal redress without permitting him at his election to treat that conduct as a constructive eviction. Fuller v. Ruby, 10 Gray 285, 290; Bartlett v. Farrington, 120 Mass. 284; Lumiansky v. Tessier, 213 Mass. 182, 186; Longwood *366 Towers Corp. v. Doyle, 267 Mass. 368, 371. See Winchester v. O’Brien, 266 Mass. 33, 37, 38.
“When it is said that in order to constitute a constructive eviction there must be an intent on the part of the landlord to deprive the tenant of the premises, it is not meant that there must be such an actual intention in the mind of the landlord. It may be inferred from the character of his acts if their natural and probable consequence is such as to deprive the tenant of the use and enjoyment, of the premises let.” Skally v. Shute, 132 Mass. 367, 372.
See also Hopkins v. Murphy, 233 Mass. 476; Smith v. McEnany, 170 Mass. 26; Taylor v. Finnigan, 189 Mass. 568; Nisson v. Adams, 212 Mass. 429.
With reference to cockroaches in the rented premises, it was said in Hopkins v. Murphy, in an action for rent, at page 478:
“Everybody knows that cockroaches, ants and other objectionable insects will sometimes appear in dwelling houses to the annoyance of the occupant. It is manifest that the plaintiff was not responsible for the presence of the cockroaches and that he did nothing with the intention and effect of depriving the defendant of the demised premises and under such circumstances the evidence would not warrant a finding that there was an eviction.”
The premises in the instant case were situated in a two tenement building. It does not appear that the other tenement was occupied by or under the control of the landlord. It appears that the landlord before letting the premises to the defendant had taken steps to exterminate the bugs from the premises, and that he also again attempted to exterminate them when notified, after the tenancy began.
It seems to us that the acts of the landlord here described do, not warrant a finding of an intent, either express or im *367 plied, to deprive the tenant of the whole or any part of the premises, but on the contrary require the conclusion that the landlord was using every effort to preserve to the tenant the rented premises free from the obnoxious bugs, in accordance with the representation made by him at the time of the letting.
It seems to us the circumstances here disclosed are insufficient to warrant the finding of the trial court of a constructive eviction so as to relieve the tenant from terminating the tenancy at will by notice, as required by General Laws (Ter. Ed.) chapter 186, section 12.
It follows from what has been said the court erred in refusing to instruct himself in accordance with the plaintiff’s first and second requests.
The representation made at the time of the letting may afford the defendant some redress by way of defence, if properly pleaded and proved. Tracy v. Long, Mass. Adv. Sh. (1936) 1669, 1670; Royce v. Guggenheim, 106 Mass. 201, and cases cited.
The decision of the trial court, however, seems to us to rest upon his erroneous finding that there was a constructive eviction. The case is, therefore, remanded to the trial court and a new trial ordered.