B. F. KEITH CORPORATION & another *vs.* RALPH G. CARPENTER, trustee, & another.

Suffolk.   April 5, 1940. — September 17, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Landlord and Tenant,* Quiet enjoyment, Sign.

A lease of space in a building giving the lessee a right to maintain such signs as would not conflict with provisions respecting signs in an earlier lease to another lessee in the building, and maintenance by the later lessee of signs, not assented to by the lessor, that did not substantially interfere with the convenience, use or patronage of the earlier lessee's premises, did not constitute a breach of a covenant for quiet enjoyment in the earlier lease.

No breach of a covenant by a lessor of theatre premises in a building not to place nor suffer to be placed on the building any sign which would "interfere with the view" of the lessee's sign was shown by suffering another lessee to maintain a sign advertising a clothing store which did not obstruct the view of the lessee's sign although by its greater brilliance it attracted more attention.

BILL IN EQUITY, filed in the Superior Court on May 7, 1937.

The bill was dismissed by decree entered after hearing by *Baker,* J. The plaintiffs appealed.

*J. J. Kaplan,* for the plaintiffs.

*W. F. Byrne,* (*W. H. Smart* with him,) for the defendants.

LUMMUS, J.   On December 24, 1923, the defendant Carpenter as trustee, with his former cotrustee, leased to the Boston Amusement Company a part of a building on Washington Street in Boston for use as the Keith-Boston Theatre, for a term of fifty years from September 1, 1924.   The lease provided that the lessee "may erect and maintain and replace vertical signs and lighting effects upon the exterior of the building of which the demised premises are a part, similar to those now erected upon the B. F. Keith Palace Theatre Building in New York City, at the places or locations provided in" certain plans and specifications, and also certain other signs.   The lease provided: "The lessors covenant that they will not place or suffer to be placed upon said building any sign or other projection which will interfere with the view from said Essex Street or from said Washington Street of the projecting signs provided for herein . . . ."   The lease contained the usual covenant for quiet enjoyment.   In 1926 the original lessee assigned the lease to the plaintiff B. F. Keith Corporation. The other plaintiff, Keith Massachusetts Corporation, is a wholly owned subsidiary which occupies the theatre under a sublease.   The theatre was completed in 1926.   The illuminated signs maintained by the plaintiffs are now of an "outmoded type," and are not as brilliant as those of the latest modern type.

On May 25, 1935, the defendant Bond Stores, Incorporated, which had been a tenant of the defendant Carpenter in the second story of the theatre building since 1924, leased from the defendant Carpenter additional space in the same building, and the new lease gave the lessee the right to maintain signs provided they shall not conflict with the provisions of the lease to the plaintiffs.   The front of the Bond Stores, Incorporated, including part of the first floor and the entire Washington Street front of the second floor of the building, was after 1935 made of black glass, against which were placed illuminated signs showing the word Bond in letters six feet six inches and four feet high, the word Clothes in letters fifteen inches high, the same two words

repeated in letters varying from seven feet high to two feet four inches high, and the words Two Trouser Suits in letters twenty-two inches high. These signs are of the latest modern type, and are much more brilliant than those of the plaintiffs. When both are illuminated the signs of Bond Stores, Incorporated, outshine those of the plaintiffs. They attract more attention and make more impression than those of the plaintiffs. In no other sense do the signs of Bond Stores, Incorporated, interfere with the view of the signs of the plaintiffs. The signs of the plaintiffs remain perfectly legible, and the view of them is not obstructed by the signs of Bond Stores, Incorporated. The effect of the signs of Bond Stores, Incorporated, in distracting attention from those of the plaintiffs is a temporary or passing one.

The signs of Bond Stores, Incorporated, are not a breach of the covenant of quiet enjoyment. They are not maintained by the landlord. The landlord has consented, not to their maintenance, but only to the maintenance of such signs as would not violate the lease to the plaintiffs. *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad,* 202 Mass. 585, 597. *Katz* v. *Duffy,* 261 Mass. 149, 152. *Sherman* v. *Williams,* 113 Mass. 481. *Kimball* v. *Grand Lodge of Masons,* 131 Mass. 59, 63. *Case* v. *Minot,* 158 Mass. 577, 587. The theatre remains as convenient and usable as when first occupied, and its signs are as free from obstruction as they ever were. *De Witt* v. *Pierson,* 112 Mass. 8. *Winchester* v. *O'Brien,* 266 Mass. 33. *Tracy* v. *Long,* 295 Mass. 201, 203. The Bond signs have injured the patronage and profits of the theatre only to a slight extent.

The signs of Bond Stores, Incorporated, do not violate the special covenant against "any sign or other projection which will interfere with the view" of the signs maintained by the plaintiffs. The language of that covenant is directed against obstruction of the theatre signs by projections from the building. The words "interfere with" may at times have a broader meaning than the word obstruct, but they have not in the covenant in question. There is no obstruction of view. There is only a distraction of the attention of

passers-by because of the greater brilliance of the Bond signs. The parties to the lease did not intend to set up the signs that the plaintiffs might choose to install, as a standard of brightness or attractiveness that no other tenant might surpass. There is no inherent impropriety in advertising a clothing business by lights brighter than those of a theatre in the same building. The judge was right in dismissing this bill, which was brought to restrain the maintenance of the Bond signs.

*Decree affirmed with costs.*