**Stanley DIETZ, Appellant,**

v.

**MILES HOLDING CORPORATION, a Corporation, c/o Greenhoot, Inc., Appellee.**

**The SHERWIN–WILLIAMS COMPANY, a Corporation, Appellant,**

v.

**MILES HOLDING CORPORATION, a Corporation, c/o Greenhoot, Inc., Appellee.**

**Nos. 5453, 5454.**

District of Columbia Court of Appeals.

Argued Jan. 25, 1971.

Decided May 10, 1971.

Stanley Dietz, Washington, D. C., for appellants.

John J. Cooleen, Washington, D. C., for appellee.

Before FICKLING, KERN and REILLY, Associate Judges.

KERN, Associate Judge:

Appellants Dietz and the Sherwin-Williams Company occupied office suites in appellee's multiple-story, downtown office building pursuant to leases for terms of three and five years, terminating in May 1971 and July 1973, respectively. Appellee filed complaints for possession of these offices for failure to pay rent. Appellants denied in their answers that appellee was entitled to possession because it (1) "had failed to provide adequate security" resulting in their offices being burglarized, and (2) "had rented to undesirable tenants who have made the business conditions impossible" at the leased premises.

Appellants demanded a jury trial and when the case came on for trial they sought and were denied leave to amend their answers to add the defense that appellee's building was in violation of the D.C. Building Code for failure "to have at least two means of egress in the event of fire." [1]  Appellant Sherwin-Williams also advanced the defense that appellee had failed to give prior written notice to quit as required by the lease, but the trial judge construed that lease otherwise. Appellee then orally moved for judgment on the pleadings which motion the trial court granted.

■ Preliminarily, we note from appellants' brief and oral argument that appellant Sherwin-Williams has moved out of the office suite it had leased and which appellee by this action is seeking to repossess. So far as the record shows no writ of restitution was issued or threat of

---

1. The transcript is not clear as to whether appellants were complaining of the *absence* of a stairway or *obstructions* on the existing stairs.

eviction made. Under these circumstances we conclude that no justiciable controversy over the possession of the leased premises presently exists between appellant Sherwin-Williams and appellee and their case has become moot. Gaddis v. Dixie Realty Co., D.C.App., 248 A.2d 820, modified, 136 U.S.App.D.C. 403, 420 F.2d 245 (1969). Accordingly, the judgment entered as to appellant Sherwin-Williams is vacated and its case remanded with directions to dismiss the complaint. United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

■ Appellant Dietz, citing Kline v. 1500 Massachusetts Avenue Apartment Corp., 141 U.S.App.D.C. ——, 439 F.2d 477 (1970), argues that appellee as the landlord had a duty to protect the office suite he had leased and its breach of such duty, as evidenced by the burglaries alleged to have taken place, justified his failure to pay the rent. But we have held that a tenant may not refuse to pay his rent and thereafter avoid dispossession for such nonpayment because the landlord would not install certain safety devices in a small residential apartment.[2] Williams v. Davis, D.C.App., 275 A.2d 231 (1971). In that case we considered and rejected the argument that it was incumbent upon a landlord in order to be entitled to his rent "to furnish housing with adequate protection from criminal activity." We pointed out that *Kline* was a personal injury case in which no claim for reduction or elimination of rent had been made. We noted, moreover, that the landlord there had reduced protective measures existing at the beginning of the tenant's lease.

In the instant case, appellant did not allege or proffer that appellee had reduced

protective measures in force at the time he entered into possession,[3] so he cannot now complain that appellee failed to maintain the premises "in their beginning condition during the lease term." *See* Javins v. First National Realty Corp., 138 U.S. App.D.C. 369, 428 F.2d 1071 (1970). Whether appellant might have a cause of action against appellee growing out of the circumstances of this case independent of the summary statutory action for possession is, of course, not before us.

■ Appellant next argues that appellee breached its warranty, impliedly contained in the lease, that his office suite would continue to be habitable during his tenancy, and accordingly, he could withhold his rent payments. Javins v. First National Realty Corp., *supra*. Specifically, appellant's proffer was that certain other tenants in appellee's building, who were anti-Viet Nam War organizations, attracted, in appellant's words, "hippie people." Appellant offered to prove that at times during his tenancy these people interfered with his staff's use of the building's restrooms and elevators and his clients' entry into the building, but appellant did not allege that the "hippie people" were acting under appellee's direction or with its knowledge and permission. Any connection between appellee and the acts of interference complained of was too attenuated for it to be held responsible for the disturbance of appellant's tenancy. 2 Powell, The Law of Real Property, 227 at n. 29 (1967); Hughes v. Westchester Development Corp., 64 App.D.C. 292, 294, 77 F.2d 550, 552 (1935).

■ Appellant Dietz contends finally that the trial court erred in refusing to

2. The securing of a large downtown office building to which the public must have free access during the business day presents a more difficult problem than providing security for a residential apartment. Also, the residential housing market offers markedly less alternatives to tenants than does the commercial office building market. *See* Javins v. First

Nat'l Realty Corp., 138 U.S.App.D.C. 369, 428 F.2d 1071 (1970).

3. Appellant does make such allegations in his brief but we cannot accept appellate advocacy as a substitute for properly pleaded facts of record. Harmatz v. Zenith Radio Corp., D.C.App., 265 A.2d 291 (1970); Kron v. Young & Simon, Inc., D.C.App., 265 A.2d 293 (1970).

permit him to amend his answer to allege that the landlord had violated the D.C. Building Code by failing to provide two means of egress from the building. Appellant must have been well aware of the building's structure at the time he leased his office suite and again two years later when he filed his answer to the suit for possession. We cannot say that the trial court's refusal to permit amendment when the jury was in the box was an abuse of discretion, in the absence of explanation or justification for failure to raise this defense timely. GS Civ.Rule 15(a); Plummer v. Johnson, D.C.Mun.App., 35 A. 2d 647 (1944). The judgment for appellee is

Affirmed.