JOHN M. HAMILTON & another[1] *vs.* TRANSPORTATION MANAGEMENT CORP. December 3, 1980. In this action brought by a lessor for unpaid rent, a tax escalation payment and damages, the trial judge made careful findings of fact and assessed damages against the tenant. The judge's findings are supported by the evidence and are not clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974).

Even though the lease required maintenance of a thermostat in the tenant's suite, the judge found that the removal of the thermostat was not intended to deprive the tenant of the use and enjoyment of its suite, compare *Shindler* v. *Milden,* 282 Mass. 32, 34 (1933), and that the relocation of the controls did not deprive the tenant of reasonable heat and air conditioning. The lessor also testified that the controls were moved because the tenant was running the air conditioning when it was very cold outside and other tenants were complaining. The findings warrant the conclusions that there was no substantial breach of the lease, or action sufficient to constitute a constructive eviction, and they support the award to the lessor of the full amount of rent improperly withheld by the tenant. Contrast *Charles E. Burt, Inc.* v. *Seven Grand Corp.,* 340 Mass. 124, 127 (1959). See generally Schwartz, Lease Drafting in Massachusetts § 6.31 (1961).

The award of $1,927 for damages to the premises for causes other than reasonable wear and tear or casualty is also supported by the evidence. The tax escalation payment is not disputed.

*Judgment affirmed.*

*George L. Bernstein* for the defendant.
*Richard H. Steinberg* for the plaintiffs.